## Mullarkey v. Lower Bucks County Hospital

*Harriet M. Mims,* for plaintiff.

*Richard J. Habgood* and *W. Glenn George,* for defendant.

*William H. Eastburn, Jr.,* for additional defendant.

BODLEY, J., January 30, 1970.—Following an automobile accident on June 12, 1966, plaintiff was taken to the Lower Bucks County Hospital for the treatment of his injuries. During his hospitalization and for some time thereafter, plaintiff was cared for by Dr. Ibrahim Lauandos. Two years later, on June 13, 1968, two actions were instituted in this county by plaintiff against defendant hospital by writ of summons, one being in trespass and the other in assumpsit. After being ruled to do so, complaints were filed against the hospital on October 22, 1968, alleging, in brief, that defendant hospital, through its agents and employes, was negli-

gent in the treatment of plaintiff's injuries, was negligent in permitting Dr. Lauandos to treat plaintiff when it should have known that he was incompetent and unqualified, and that it breached its contract with plaintiff by reason of its failure to provide him with proper medical care. Although one action was in trespass and the other in assumpsit, the complaints filed in each action were identical in every respect.

On December 23, 1968, the hospital joined Dr. Lauandos by the filing of its complaint against him in each action, alleging in the alternate that the additional defendant is solely liable, jointly and severally liable, or liable to the hospital by way of indemnification. Dr. Lauandos did not resist the joinder; however, plaintiff has filed preliminary objections to the hospital's complaint against the additional defendant in each action, asking that they be stricken and dismissed.

It is alleged in the preliminary objections, and admitted by defendant's answer thereto, that on the same date on which the two Bucks County actions were started, June 13, 1968, plaintiff also filed an action in trespass against Dr. Lauandos alone in Philadelphia County. Attached to plaintiff's preliminary objections is a copy of the Philadelphia complaint, in which malpractice on the part of Dr. Lauandos is alleged with respect to the same injuries and hospitalization as those set forth in the Bucks County actions. In his preliminary objections, plaintiff attacks the joinder procedures used in Bucks County and attacks this court's jurisdiction over the subject matter and over additional defendant. He advances the theories of misjoinder of the causes of action, the bar of the statute of limitations as to Dr. Lauandos, and pendency of a "prior action" in Philadelphia County in support of his motion to strike and dismiss the hospital's complaint against additional defendant. He

urges that the hospital's complaint fails to allege facts to support its theory of joint and several liability, liability over, or indemnification, and fails to state a cause of action against Dr. Lauandos. And in paragraph 10, plaintiff alleges that "the defendant and additional defendant are attempting to deprive the Philadelphia courts of jurisdiction," thereby explicating his distaste for the Bucks County joinder.

While it is somewhat difficult to comprehend plaintiff's theory of pendency of prior action, or "lis pendens" as urged in plaintiff's brief, particularly in view of the fact that all three actions were instituted on June 13, 1968, we have concluded that we need not reach this argument nor others of a similarly tenuous nature in view of our conclusion that plaintiff has no standing in this court to attack the joinder of Dr. Lauandos.

Looking to the rules of civil procedure, we find the following language:

"No pleadings shall be filed between the additional defendant and any party other than the one joining him except that the additional defendant may file a counterclaim against the plaintiff": Pa. R. C. P. 2255(b).

In construing this language, the authors of 3 Goodrich-Amram §2255(c)-1, said, at page 223:

"Plaintiff has no standing to challenge the form of the pleadings between D1 and D2. He gets the bonus of the joinder of D2 as a defendant with the privilege of direct recovery, if he is so entitled. If D2 does not object to D1's pleading, no one else may object."

This language was cited with approval in Greater Lebanon Hotel Enterprises, Inc. v. Braman (No. 2), 9 Lebanon 184 (1962). In dismissing plaintiff's preliminary objections to defendant's complaint against additional defendant, the court said, at page 185:

"It is clear that a Plaintiff has no standing to chal-

lenge the technical form of the pleadings between a Defendant and an additional Defendant. After all, why should a Plaintiff complain? He has more than he bargained for. An additional Defendant is brought upon the record . . . This action is helpful to the Plaintiff's ultimate cause, and he should not be permitted to complicate the proceedings further by dilatory motions or pleadings directed against the proceeding between the defendant and the additional Defendant."

See also 4 Anderson Civ. Pract. §§2255.34, p. 63.

In Hindman v. Sliker, 5 Butler 58 (1968), the court dismissed plaintiff's preliminary objections to the answer and new matter of additional defendant saying, at page 59:

"It is clear that plaintiff has no right to object to the answer of the additional defendant. Although plaintiff may recover from an additional defendant no pleading is permitted by the plaintiff against the additional defendant."

Without question, one of the purposes of the joinder rules is to avoid the multiplicity of suits and to permit adjudication of all of the rights and liabilities of all parties to the particular transaction or occurrence which gives rise to the suit. Such rules should be liberally construed in order to advance their intended purpose. See generally 28 P. L. Encyc. Parties §17.

Plaintiff chose to institute three suits on the day before the statute of limitations pertaining to personal injuries would have run. The theory of all plaintiff's actions is clearly the alleged malpractice of Dr. Lauandos. His cause will rise or fall upon his ability to sustain his allegations that Dr. Lauandos failed to treat him with that degree of competence and skill required of physicians in like circumstances.

When joined by defendant in the two Bucks County

actions, Dr. Lauandos did not challenge the joinder, but rather caused his counsel to enter an appearance of record on his behalf. Had he chosen to attack the joinder or set up the statute of limitations, this clearly was his right. But it cannot be gainsaid that such matters are personal to the additional defendant and can be waived.

In his counsel's brief, plaintiff argues that defendant, that is to say the hospital, "has no right to choose the forum in which the plaintiff shall bring and try his cause of action against Dr. Ibrahim Lauandos." Allowing, as we do, plaintiff's counsel the right to her enthusiastic and fervent advocacy, we nonetheless find it somewhat difficult to comprehend how this praiseworthy emotion should be allowed to obscure from her the plain record fact that it was she who chose this forum, and not defendant. Be that as it may, our research has disclosed but one case in which a plaintiff successfully intervened in a defendant's effort to join an additional defendant. That case involved a plaintiff's objection interposed to defendant's petition under Pa. R. C. P. 2253 for leave to join an additional defendant following the expiration of the 60-day period. See Rollin v. Rolley, 88 D. & C. 225 (1954). There, the court referred to 4 Anderson Pa. Civ. Prac., which in its commentary to rule 2253 pointed out that the right to complain about late filing is personal to additional defendant. In setting aside the comment in Anderson as "Anderson's own opinion," the court relied upon Lambert, Administratrix v. Webb Manufacturing Company, 77 D. & C. 363 (1951), as standing for the contrary rule. However, as noted on page 365 in Lambert, the objection to the late joinder in that case came from additional defendant.

A preliminary objection is a pleading: Pa. R. C. P. 1017(b). And we find no authority for permitting this plaintiff to ignore the plain mandate of Pa. R. C. P.

2255(b) which denies to all except defendant and additional defendant the right to file any pleading respecting additional defendant's joinder in this action.

### ORDER

And now, January 30, 1970, plaintiff's preliminary objections are overruled and dismissed.